IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bernadine Kelly, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11 C 1069 |
| | ) | |
| Weltman, Weinberg & Reis Co., L.P.A., | ) | |
| an Ohio limited professional association, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Bernadine Kelly, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Bernadine Kelly ("Kelly"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by attorneys, including, but not limited to, the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), is an Ohio limited professional association, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, Michigan, Ohio and Pennsylvania, Weltman operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. See, Weltman's website materials, attached as Exhibit A.

5. Defendant Weltman is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit B. In fact, Defendant Weltman conducts business in Illinois.

**FACTUAL ALLEGATIONS**

6. Ms. Kelly is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant Weltman began trying to collect a debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

7. Accordingly, on November 10, 2010, one of Ms. Kelly's attorneys at LASPD informed Weltman, in writing, that Ms. Kelly was represented by counsel, and directed Weltman to cease contacting her, and to cease all further collection activities because Ms. Kelly was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

8. Nonetheless, at the end of December, 2010, Defendant Weltman

repeatedly called Ms. Kelly, from phone number 800-837-6008, to demand payment of the debt.

9. Accordingly, on January 20, 2011, one of Ms. Kelly's LASPD attorneys had to write to Defendant Weltman again to demand that it cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

10. All of Defendant Weltman's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Weltman's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Ms. Kelly's attorney at LASPD, told Defendant Weltman to cease communications and cease collections (Exhibit C). By continuing to communicate regarding the debt and demanding payment, Defendant Weltman violated § 1692c(c) of the FDCPA.

15. Defendant Weltman's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. §

1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant knew, or readily could have known, that Ms. Kelly was represented by counsel in connection with her debt because her attorneys had informed Weltman, in writing (Exhibit C), that she was represented by counsel. By directly calling Ms. Kelly, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

19. Defendant Weltman's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Bernadine Kelly, prays that this Court:

1. Find that Defendant Weltman's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Kelly, and against Defendant Weltman for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

4

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bernadine Kelly, demands trial by jury.

> Bernadine Kelly,
>
> By: /s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated: February 15, 2011

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com